J-S38020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT KARL BARGER | : | |
| | : | |
| Appellant | : | No. 503 WDA 2021 |

Appeal from the Order Entered March 26, 2021
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0004955-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT KARL BARGER | : | |
| | : | |
| Appellant | : | No. 504 WDA 2021 |

Appeal from the Order Entered March 26, 2021
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003703-2011

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: February 18, 2022**

Appellant appeals *pro se* from the orders denying his Amended Writs of *Habeas Corpus* in which he challenged the constitutionality of the sex offender registration requirements imposed in 2006 under Megan's Law III and the legality of his sentence imposed in 2012 for failing to comply with those

---

[*] Retired Senior Judge assigned to the Superior Court.

requirements. The trial court has requested remand for a merits' review pursuant to **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020).[1]  Based on our review, we vacate the court's orders, and remand for the appointment of counsel and further proceedings.

As background, we provide the following relevant procedural history.  In 2006, Appellant pled guilty to crimes charged in connection with the 2005 sexual abuse of his 13-year-old niece.  **See** CP-65-0004955-2005 ("2006 case"). Pursuant to Megan's Law III, the court ordered a report from the Sexual Offenders Assessment Board, and after a hearing found Appellant to be sexually violent predator ("SVP").  On September 25, 2006, the court sentenced him to a term of incarceration of one year less one day to two years less one day.  As a result of his conviction and Megan's Law III SVP classification, Appellant is subject to lifetime registration requirements as a sex offender.  This Court affirmed Appellant's judgment of sentence on August 14, 2007. Appellant did not seek further review from the Supreme Court. **Commonwealth v. Barger**, 935 A.2d 3 (Pa. Super. 2007) (unpublished memorandum).

On October 25, 2011, the Commonwealth charged Appellant with two counts of Failure to Comply with Registration of Sexual Offenders

---

[1] In **Lacombe**, our Supreme Court "decline[d] to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes[.]" 234 A.3d at 618. The Court noted that because registration requirements do not become an issue until after one is released from detention, courts may address challenges to sex offender registration requirements brought in a writ for habeas corpus. **Id**.

Requirements, formerly 18 Pa.C.S. § 4915(a), docketed at No. CP-65-CR-0003703-2011 ("2011 Case").[2] The court held a bench trial on June 19, 2012, and found Appellant guilty. On September 1, 2012, the court sentenced Appellant to an aggregate sentence of to 5 to 10 years' incarceration. On direct appeal, this Court affirmed his judgment of sentence; our Supreme Court denied his petition for allowance of appeal on May 7, 2014. **Commonwealth v. Barger**, 93 A.3d 501 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 91 A.3d 161 (Pa. 2014).[3]

On February 26, 2021, Appellant filed identical *pro se* "Amended Writs of *Habeas Corpus"* in both dockets, challenging the sex offender registration requirements imposed in the 2006 case and his 2012 conviction for failing to comply with those requirements. **See** Amended Writ of *Habeas Corpus*, filed 2/26/21, at 3, 38. He asserted, *inter alia*, that because Megan's Law III was unconstitutional pursuant to **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013), his SVP classification and the registration requirements were void *ab initio*, rendering his conviction and sentence in the 2011 Case illegal. **Id**. at 23.[4] He also requested the appointment of counsel.

---

[2] After his arrest, Appellant filed a writ of *habeas corpus* challenging the constitutionality of the Failure to Register law. The court denied relief.

[3] Although Appellant states he received parole in 2017, he is currently incarcerated in SCI Huntingdon. **See** IFP Petition, dated April 11, 2020.

[4] Prior to the 2020 **Lacombe** decision, Appellant had filed several PCRA petitions challenging, *inter alia*, the constitutionality of his SVP classification
*(Footnote Continued Next Page)*

- 3 -

On March 26, 2021, the court held a remote hearing at which Appellant appeared *pro se*. The court declined to consider the merits of his claims, concluding that Appellant was using "a backdoor" to obtain the same relief he had previously requested in his untimely PCRA petitions. N.T. Hr'g, 3/26/21, at 6. Appellant timely appealed *pro se* at both docket numbers, asserting only that trial court erred in refusing to review the claims raised in his *habeas corpus* petitions as allowed by **Lacombe**, **supra**. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In its Rule 1925(a) Opinion, the trial court acknowledged **Lacombe** and concluded that it had "erred in preventing [Appellant] from arguing the merits of the Petition [because, i]n fact, the Amended Writ of *Habeas Corpus* appears to be a proper vehicle for raising these constitutional issues, and [Appellant] is not time-barred by virtue of being time-barred under the PCRA." Trial Ct. Op., dated 6/21/21, at ¶¶ 2, 4. The court then requested that we remand so that it could vacate the orders denying the Writs and schedule a hearing on the merits of the claims. *Id*. at ¶ 5(a)-(c).

We agree with the trial court. We, thus, vacate the trial court's orders, and remand for the appointment of counsel prior to its merits' hearing.

Orders vacated. Cases remanded for further proceedings. Jurisdiction relinquished.

---

and Megan's Law III registration requirements, and the legality of his sentence imposed in the 2011 Case. Due to the PCRA's time constraints, the courts consistently denied relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2022